IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JACKSON COUNTY, MISSISSIPPI | § | PLAINTIFF |
| | § | |
| v. | § | Civil Action No. 1:07cv490LG-JMR |
| | § | |
| | § | |
| | § | |
| WILLIAM LYNN PRESLEY | § | DEFENDANT |

<u>ORDER AND REASONS GRANTING JACKSON COUNTY, MISSISSIPPI'S
MOTION FOR SUMMARY JUDGMENT</u>

BEFORE THE COURT is a Motion for Summary Judgment pursuant to FED. R. CIV. P. Rule 56, filed by Plaintiff Jackson County, Mississippi ("Jackson County"), in the above captioned cause on or about September 17, 2007. Defendant William Lynn Presley ("Presley") did not file a Response.

After consideration of Plaintiff's submissions and the relevant legal authorities and for the reasons discussed below, the Court finds that the Motion for Summary Judgment is well taken and should be granted.

I.  <u>FACTS AND PROCEDURAL HISTORY</u>

On or about October 4, 1999, Presley entered into an Agreed Preliminary Order of Forfeiture forfeiting, among other property, "...approximately $665,520.26 laundered by the defendant...." *See* Agreed Preliminary Order at p. 2, attached as Ex. "A" to Pl.'s Mot. for Summ. J. The Agreed Preliminary Order was filed in a previous criminal cause, *United States of America v. William Lynn Presley*, Criminal No. 1:99cr33. *See* Agreed Preliminary Order, attached as Ex. "A" to Pl.'s Mot. for Summ. J.

In the same criminal cause, a Default Judgment of Forfeiture was entered on or about December 8, 2000, in favor of the United States of America against Presley in the

amount of $665,520.26.  According to terms of the Default Judgment, the monetary award constituted a "personal money judgment against Presley to be collected in accordance with the laws pertaining to money judgments or as substitute property under the forfeiture laws."  *See* Default Judgment of Forfeiture at p. 4, attached as Ex. "B" to Pl.'s Mot. for Summ. J.  The Default Judgment also awarded all interests and rights of the United States of America to Jackson County, Mississippi.  Specifically, it stated

> Jackson County, Mississippi, pursuant to its petition filed herein and the government's waiver, is hereby awarded all interests and rights of the United States of America in such money judgment and that County shall stand in the place of the United States of America for all purposes, including the right to the immediate possession of the funds presently in the possession of the United States Marshal and the right to collect the other funds under the laws pertaining to money judgments or under the laws pertaining to substitute property under the forfeiture laws.

*Id*.

To date, it does not appear that the Judgment has been satisfied.  Plaintiff's Motion seeks to renew the Judgment against Presley in the amount of $665,520.26 and have the Court order that Presley pay to Jackson County the indebtedness of $665,520.26.  Presley has not filed a Response to Plaintiff's Motion despite the Court, by its November 8, 2007, Text Order, providing Presley additional time to respond.

## II.  DISCUSSION

A.    Applicable Legal Standard

Rule 56(c) of the Federal Rules of Civil Procedure states that the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to

interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a moving party is entitled to judgment as a matter of law.  *See* FED. R. CIV. P. 56.  The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Meyers v. M/V Eugenio C.*, 842 F.2d 815, 816 (5th Cir. 1988).

B.      Renewed Judgment

The language of the Default Judgment of Forfeiture entered by this Court on or about December 8, 2000, is clear: Presley was indebted to the United States of America for sums in the amount of $665.520.26 laundered by him, and Jackson County was subrogated to the rights of the United States of America and entitled to collect the entirety of Presley's indebtedness.  *See* Default Judgment of Forfeiture at p. 3-4, attached as Ex. "B" to Pl.'s Mot. for Summ. J.

It is also significant that prior to the entry of the Default Judgment, Presley executed an Agreed Preliminary Order of Forfeiture on or about October 14, 1999, whereby Presley acknowledged that he was "fully aware of the consequences of having agreed to forfeit to the Government his interests in and to [the amount of $665,520.26]...and [that he] freely and voluntarily, with knowledge of such consequences, entered into [the Agreed Preliminary Order of Forfeiture] with the Government to forfeit such property."  *See* Agreed Preliminary Order at ¶ 1, attached as Ex. "A" to Pl.'s Mot. for Summ. J.

Jackson County's Complaint to Renew Judgment was timely filed in the instant

case since the seven year time limitation prescribed in section 15-1-43 of the Mississippi Code Annotated had not expired prior to its filing.  Further, time has run for Presley to attack the validity of the Default Judgment of Forfeiture.

For the above reasons, Plaintiff's Motion for Summary Judgment must be granted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons cited more fully herein, the Motion [6] of Plaintiff Jackson County, Mississippi, for Summary Judgment, pursuant to Fed. R. Civ. P. 56, filed on or about September 17, 2007, should be and is hereby GRANTED.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, for the reasons cited more fully herein, the Judgment rendered in *United States of America v. William Lynn Presley*, Criminal No. 1:99cr33, against Defendant William Lynn Presley in the amount of $665,520.26 should be and is hereby RENEWED.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, for the reasons cited more fully herein, Defendant William Lynn Presley pay to Jackson County, Mississippi, the indebtedness of $665,520.26.

**SO ORDERED AND ADJUDGED**, this the 26th day of November, 2007.


*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE